OPINION
{¶ 1} Defendant-appellant Jeffrey Haney, II appeals the decision of Mahoning County Court No. 4., finding him guilty of petty theft, a violation of R.C. 2913.02. Two issues are raised in this appeal. The first is whether his conviction is against the manifest weight of the evidence and whether the conviction is supported by sufficient evidence. The second issue is whether the trial court improperly relied on a patrolman's opinion as to whether Haney was guilty of petty theft when it determined guilt. For the reasons stated below, the judgment of the trial court is hereby affirmed.
 STATEMENT OF FACTS {¶ 2} On November 25, 2004, Thanksgiving Day, Haney awoke and found icy patches on his driveway. (Tr. 56). Accordingly, Haney decided to go to Sears in Austintown and get some rock salt. (Tr. 56).
 {¶ 3} Haney arrived at Sears at approximately 10:30 a.m. (Tr. 5). He noticed that the store was closed. (Tr. 56). However, rock salt was piled in front of the store next to some tractors and there was a sign indicating that the items were for sale. Even though he knew the store was closed, Haney decided to load eight 50 pound bags of Anderson Ice Melt Plus in the back of his truck. (Tr. 57). The rock salt was worth $85.52.
 {¶ 4} At the same time Haney was loading rock salt into his truck, Officer Joseph Wojciak of the Austintown Police Department was working a security detail for Wal-Mart. (Tr. 5). Wal-Mart is located in the same plaza as Sears. (Tr. 5-6). Officer Wojciak observed Haney loading the rock salt into his truck. (Tr. 6-8). Knowing that Sears was closed, Officer Wojciak considered what he just observed to be a possible theft offense. (Tr. 9). Therefore, he called for back-up, Patrolman Robert Hutch of the Austintown Police Department. (Tr. 9).
 {¶ 5} As back-up was arriving, Haney left Sears. (Tr. 10). Patrolman Hutch and Officer Wojciak pursued Haney and proceeded to pull him over. Patrolman Hutch questioned Haney about the 8 bags of rock salt. Haney informed the patrolman that he would take them back. (Tr. 13, 34). He also told the patrolman that it was his intention to have his wife come back on Friday to pay for them. (Tr. 13). The last thing Haney said to the patrolman was that "we all make mistakes." (Tr. 13, 37).
 {¶ 6} Haney was then arrested and charged with petty theft, a violation of R.C. 2913.02. The case proceeded to a bench trial on May 19, 2005. The court found Haney guilty of petty theft. Subsequently on August 1, 2005, Haney was sentenced to 90 days in jail with 10 days suspended. The trial court then stated that Haney could purge this sentence "by speaking to 4 area schools either through D.A.R.E. or other scheduled speaking, to be approved through probation relating to the ramifications of decision and consequences therein." Haney was also sentenced to 12 months of probation and fined $250 plus costs. Haney timely appeals raising two assignments of error.
 FIRST ASSIGNMENT OF ERROR {¶ 7} "THE VERDICT OF GUILTY IS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} Haney intertwines his sufficiency and manifest weight of the evidence argument. However, the standards for each test are not the same. Accordingly, we will risk some elements of redundancy in our opinion to emphasize the distinction between the two, and address each issue separately.
 Sufficiency of the Evidence {¶ 9} Sufficiency of the evidence deals with adequacy rather than weight of the evidence. State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52. In viewing a sufficiency of the evidence argument, a conviction will not be reversed unless the reviewing court holds that after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found that the elements of the offense were proven beyond a reasonable doubt. State v. Goff, 82 Ohio St.3d 123, 138, 1998-Ohio-369.
 {¶ 10} Under R.C. 2913.02(A)(1), petty theft is defined as:
 {¶ 11} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 12} "(1) Without the consent of the owner or person authorized to give consent."
 {¶ 13} Haney argues that he did not act with "purpose to deprive the owner [Sears] of property [rock salt]." He admits that all other elements are met. Haney contends that since at the time he exerted control over the property he intended to come back the next day and pay for the rock salt, that there was no intent on his part.
 {¶ 14} It has been held that the statute on theft requires the state to establish, beyond a reasonable doubt, defendant's intent to deprive "at the time" the property was taken. Brooklynv. Fouche, 8th Dist. No. 85510, 2006-Ohio-169. However, the intent to deprive does not have to be an intent to permanently deprive. Columbiana Cty. Bd. of Commrs. v. Nationwide Ins. Co.
(1998), 130 Ohio App.3d 8, 17.
 {¶ 15} The facts in this case are that Haney went to Sears. Knowing that the store was closed, he loaded eight 50 pound bags of rock salt into his truck and then left the store.
 {¶ 16} When this evidence is viewed in the light most favorable to the state, this was sufficient evidence to show an intent to deprive Sears of the property. In our society, a person pays for the merchandise and then takes it home. Typically, it is not customary for a person to take merchandise from a closed store home and then return the next day to pay for the merchandise. This is especially the case when dealing with a large corporation like Sears.
 {¶ 17} Although Haney tries to argue that Sears has an honor system as to the rock salt, his argument is not supported by the evidence. A Sears manager testified that the company does not allow customers to pick up items, take them home and then come back to the store to pay for the items taken. (Tr. 45). The manager testified that the only honor system applied to the rock salt is that the customer takes the number of bags he/she pays for. (Tr. 52). The honor system does not apply to taking rock salt home and then coming back to pay for the number of bags the person took. Thus, the evidence shows intent to deprive.
 {¶ 18} Furthermore, while Haney may claim that he intended to return the next day to pay for the rock salt, when viewed in the light most favorable to the state, his actions do not necessarily support such intention. Haney drove off with the merchandise without paying for it and without leaving any sort of note or IOU at the store. This does not evidence intent to return and pay for the merchandise.
 {¶ 19} Regardless, as stated above, the intent required does not have to be an intent to permanently deprive Sears. Clearly, the facts show that his intent was to deprive Sears of the property that day; he knew he could not pay for the rock salt that day because the store was closed, however, he still proceeded to take the merchandise. Regardless of what his intent was for the next day, on Thanksgiving Day he intended to take Sears' property without paying for it.
 {¶ 20} Given the evidence, a rational trier of fact could have found beyond a reasonable doubt that there was intent to deprive. Thus, Haney's sufficiency argument is without merit.
 Manifest Weight of the Evidence {¶ 21} Analysis under the manifest weight of the evidence standard requires an appellate court to review the entire record, reweigh the evidence and all reasonable inferences, consider the credibility of witnesses, and resolve conflicts in the evidence. Such an undertaking essentially places the appellate court in the position of the thirteenth juror. Thompkins,78 Ohio St.3d at 387, 1997-Ohio-52, citing Tibbs v. Florida (1982),457 U.S. 31, 42.
 {¶ 22} An appellate court will only reverse and remand a conviction as contrary to the manifest weight of the evidence in order to prevent a miscarriage of justice. The authority to do so is reserved for the rare and exceptional case where the evidence weighs heavily against the conviction and convinces us that the trier of fact clearly lost its way. Thompkins,78 Ohio St.3d at 387, 1997-Ohio-52.
 {¶ 23} Haney's argument under this standard is the same as the sufficiency argument; that he did not intend to deprive Sears. For many of the same reasons, this argument also fails.
 {¶ 24} While Haney claims that he intended to return the next day when Sears was open, the evidence does not weigh heavily in his favor. Haney took eight bags of rock salt from a closed store. Evidence established that other stores were open at the time and sold rock salt. However, Haney did not go to these stores. Haney did not even leave an IOU or money at Sears for the rock salt. The only indication that he was going to return and pay for the rock salt was his testimony. Thus, this is a credibility issue. Credibility issues are best left to the trier of fact. Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 25} Moreover, as stated above, the evidence was not required to show that he had an intent to permanently deprive Sears of the rock salt. The evidence shows that there was an intent to deprive Sears of the rock salt on Thanksgiving Day. He knew he could not pay for the rock salt that day because the store was closed. Furthermore, in our society when dealing with a store like Sears, a person is not permitted to take an item from the store when it is closed and then come back and pay for it. Thus, the evidence does not weigh heavily against the conviction. We do not find that the trial court lost its way by finding Haney guilty of the theft. This assignment of error lacks merit.
 SECOND ASSIGNMENT OF ERROR {¶ 26} "THE COURT ERRED AND ABUSED ITS DISCRETION IN BASING AT LEAST IN PART A FINDING OF GUILTY ON THE OPINION OF A POLICE OFFICER THAT THE DEFENDANT HAD VIOLATED A LAW."
 {¶ 27} This assignment of error deals with the following colloquy:
 {¶ 28} "Q. Do you remember anything else that this Defendant may have said to you other than, I will take them back now, or I will pay for them tomorrow? Did he say anything to you about doing dumb things?
 {¶ 29} "A. Yeah. He made that statement, that we all make mistakes.
 {¶ 30} "Q. Did you take that statement as an admission that he had done something that was contrary to the law and dignity of the State?
 {¶ 31} "A. Did I take it as an admission?
 {¶ 32} "Mr. Gentile [Counsel for Haney]: Objection, Your Honor.
 {¶ 33} "The Court: Basis of that objection?
 {¶ 34} "Mr. Gentile: It's a very broad question. I mean, he's asking for the witness' opinion on some type of ethical issue.
 {¶ 35} "Mr. Cardinal [Prosecutor]: It's not an ethical issue.
 {¶ 36} "The Court: Well, that's the witness has to give is his opinion. [sic] I'm going to overrule that.
 {¶ 37} "Q. Again, patrolman, did you take that statement as some admission that someone had done something contrary to the peace and dignity of the state?
 {¶ 38} "A. Yes." (Tr. 37-38).
 {¶ 39} Haney is not arguing that the statement, "we all make mistakes" should not have come in. Instead, he is arguing that the patrolman should not have been permitted to give his opinion as to whether Haney's action of taking the rock salt was a crime.
 {¶ 40} Evid.R. 701 states that if a "witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue." Under Evid.R. 701, a trial court has wide latitude in allowing or controlling the opinion testimony of lay witnesses. State v. Kehoe (1999),133 Ohio App.3d 591, 603.
 {¶ 41} The question of whether the patrolman believed Haney was guilty of a crime could certainly be determined to be rationally based on the officer's perception. However, the answer to the question invades the function of the finder of fact. It has been held that it is not permissible for officers to testify as to the credibility of another witness, because it infringes upon the role of the fact finder. State v. Boston (1989),46 Ohio St.3d 108, 128 (overruled on other grounds); State v.Young, 8th Dist. No. 79243, 2002-Ohio-2744, at ¶ 70-72. While the patrolman's testimony was not an opinion as to Haney's credibility, it was an opinion as to whether Haney was guilty of petty theft.
 {¶ 42} The allowance of such an opinion is troubling to this court. This type of opinion, especially when given by a police officer or patrolman, has a tendency to infringe on the province of the trier of fact. That said, we cannot find that the allowance of this testimony amounts to reversible error. The trial was a bench trial. In reviewing a bench trial, an appellate court must presume that the trial court considered nothing but relevant and competent evidence in reaching its verdict. Statev. Fox (1994), 69 Ohio St.3d 183, 189. The presumption may be overcome only if the appellant affirmatively shows the contrary to be true. State v. Wiles (1991), 59 Ohio St.3d 71.
 {¶ 43} Haney contends that the trial court's allowance of the patrolman's opinion is evidence that it considered the testimony when determining guilt. We disagree. Allowing the patrolman to offer his opinion in this situation does not positively indicate that the trial court relied on the testimony in determining guilt. There must be some other affirmative indication in the record that the trial court relied on the evidence before the presumption that the trial court relied only on relevant and competent evidence can be overcome. As there is none, the presumption applies. This is especially the case where, as here, other evidence was presented to the trial court which more than adequately supported the establishment of guilt. Accordingly, this assignment of error lacks merit.
 {¶ 44} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs; see concurring opinion. Waite, J., concurs.